IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE
BANGOR DIVISION

U.S. DISTRICT COURT
DISTRICT OF MAINE
BANGOR
RECEIVED & FILED

2020 DEC 14 P 4 54

DEPUTY CLERK

CLINTON STRANGE,

Plaintiff

v.

JUICE MAN,

Defendant

CIVIL ACTION COMPLAINT

FOR ALLEGED VIOLATIONS OF:

THE TELEPHONE CONSUMER PROTECTION ACT OF 1991;

&

THE FAIR DEBT COLLECTION PRACTICES ACT OF 1977

***Jury Trial Demanded***

## PRELIMINARY STATEMENTS:

1. This is a private enforcement action brought in good faith by an adult individual consumer debtor; *pro se* Plaintiff CLINTON STRANGE ("PLAINTIFF"), against a fictitiously named entity JUICE MAN ("DEFENDANT") for alleged willful and knowing violations of the Telephone Consumer Protection Act of 1991 ("TCPA") and the Fair Debt Collection Practices Act of 1977 ("FDCPA") as well as the applicable laws of the State or Commonwealth that mirror or supplement the above cited Federal Statutes where Defendant is principally headquartered. Plaintiff does not know the true identity of the Defendant (at this time), but will move the Court for leave to conduct limited expedited discovery before a Rule 26(f) conference to the end that Plaintiff may serve Rule 45 subpoenas on the Defendant's VoIP Telecommunications provider/s utilizing a technique termed as "trace-back"; then amend his complaint once Defendant is identified.

2. The Plaintiff seeks to recover a maximum award of statutory damages; actual damages; punitive damages or enhanced civil penalties; preliminary and or post judgment injunctive relief enjoining Defendant from future violations; interest (pre and or post judgment); together along with all costs, fees and expenses associated with bringing and litigating the action.

## JURISDICTION & VENUE:

3. **Jurisdiction** arises in this Court under a Federal Question as the TCPA and the FDCPA are Federal Statutes pursuant to 28 U.S.C. § 1331.

4. **Supplemental Jurisdiction** would be properly applied in this case because many States and Commonwealths have laws that provide a supplemental private right of action for violations of claims that arise in this Court under Federal Questions pursuant to 28 U.S.C. § 1367.

5. **Venue** lies proper in this U.S. District Court because Plaintiff will be able to demonstrate that Defendant utilized a "local touch" Direct Inward Dial VoIP Telephone number that appeared to have originated from within this U.S. District, and other [Maine] consumers have posted complaints in regard to similar calls from Defendant pursuant to 28 U.S.C. § 1391.

## THE PARTIES:

6. **Plaintiff CLINTON STRANGE** is an adult individual residing at the address of:

    CLINTON STRANGE

    7021 WINBURN DRIVE

    GREENWOOD, LA 71033

7. **Defendant JUICE MAN** is a fictitiously named person or entity engaged in the collection of consumer debts. Plaintiff alleges that Defendant will be registered as a debt collector in at least one U.S. State and or Commonwealth, and is [best] described herein as the enduser subscriber of the Telephone number 207-213-1147 on September 23, 2019 between 1:17pm CST and 1:40pm CST ported or allocated across the Bandwidth VoIP Telecommunications Block Chain of Interconnected VoIP.

## THE FACTUAL ALLEGATIONS:
### SECTION I:
### THE DOCUMENTED INCIDENTS

8. Plaintiff is a consumer debtor that *currently* owes or is alleged to owe debt obligations on what is termed under Louisiana law "an open account" (credit card debt) to at least one creditor based on transactions arising from the purchase of consumer products, goods, and or services primarily for household use.

9. During the years of 2018, 2019, and the early part of 2020 the Plaintiff had defaulted on roughly $65,000 in consumer credit card debt and was discussing with his VA Mental Health Practitioners and Vocational Rehabilitation Counselors how his situation was affecting his service-connected mental health conditions and exploring bankruptcy options.

10. He was embroiled in (a Defendant in) Five (5) civil lawsuits in Louisiana State Court Debt Collection Cases between the time period relevant to the instant action which was between September 2019 and March 2020 that were in various stages of litigation and disposition.

11. Plaintiff represents that his Physical and Mental Health were in decline at that time [in which the Defendant interacted with Plaintiff] because he had finally began to succumb to his service-connected disabilities to the point where he had left full time employment with Sears Roebuck & Co.("SEARS") in a leadership position, tried to maintain employment with Sears as a contractor, but ultimately could not continue to work due to [his] Mental and Physical service-connected disabilities.

12. Because the Plaintiff was no longer employed or employable or otherwise able to earn income, he defaulted on his credit card debt and used the little income he had derived from VA disability benefits in order to barely subsist.

13. On September 23, 2019 at 1:17pm CST the Plaintiff received a call on his cellphone from a number appearing on his Caller ID as 207-213-1147 that was placed or initiated by the Defendant that played a prerecorded voice message indicating that the call was concerning debt collection. Plaintiff represents that the image below labeled Figure A is a

true and accurate representation of a screen capture [screen shot] of his cellphone in reference to calls between himself and the Defendant.



Figure A

14. As shown and referenced above (in the image Labeled Figure A) the Plaintiff phoned back to the Defendant on September 23, 2019 at 1:29pm CST and spoke with and agent who sounded to Plaintiff like a Caucasian Female aged 30-50 who told Plaintiff that the call was monitored or recorded and indicated that Defendant ("The Law Offices of the Highland Firm") was attempting to collect a roughly $1,200 debt on a Visa Gold Card Account # [Redacted pursuant to F.R.Civ.P. 5.2 and Maine LR 5] XXXX-XXXX-XXXX-4631, and  during the above referenced call (lasting just under ten minutes), the Plaintiff was told that the Defendant would settle if Plaintiff paid $413 right then. Plaintiff asked questions about the alleged debt and was told that it was defaulted on in

2012. Plaintiff stated to the agent that he wanted to receive validation of the debt. The agent asked to verify his mailing address.

15. The agent stated that what she had on file was 10550 Cook Road # 78, Bethany Louisiana 71007. Plaintiff gave his new address in Greenwood, Louisiana and the agent then began to press the Plaintiff to make statements that might tend to validate the debt or alternatively re-age the debt [if it was ever even valid] ; when Plaintiff refused the agent became rude and ugly and said she / her firm was going to file a civil lawsuit against the Plaintiff and take [other] legal action against the Plaintiff for felonies [felony theft].

16. Plaintiff is unaware of *any* civil or criminal actions pending against *him* at this time for either civil or criminal violations.

17. Defendant's phone number appearing on Plaintiff's Caller ID geographically indicated that the Caller (Defendant) was located in Kennebec County, Maine as detailed below:



https://www.area-codes.com/exchange/exchange.asp?npa=207&nxx=213 – page last visited 03/22/2020 at 08:06 CST

18. Defendant directed its *alleged* misconduct toward consumers in Maine along with no less than two (2) other states including Texas, and the Commonwealth of Virginia as shown below:



https://www.reportedcalls.com/2072131147

page last visited 03/22/2020 at 05:30 CST

19. Defendant has *allegedly* contacted numerous other consumers using the name "Highland Firm" and similar names which has resulted in Better Business Bureau (BBB) Complaints on an *innocent* Alabama Law Firm filing a response indicating that [they] were not responsible for the calls, and must have been so rampant and voluminous that it resulted in that law firm not only reporting the situation to the U.S. Department of Justice - Federal Bureau of Investigations (FBI), responding to the BBB complaints, but also changing its entire homepage on their website to address the calls being made to consumers by Defendant or Defendant's agents as shown below:



https://www.bbb.org/us/al/birmingham/profile/lawyers/the-highland-law-firm-llc-0463-90029726/complaints

page last visited 12/04/2020 at 4:46pm CST



https://www.highlandlawfirm.com/

page last visited 12/04/2020 at 4:58pm CST

20. The screen capture above [published and reproduced with oral limited permission of the copyright owner granted via telephone conference on 12/04/2020 at 6:03pm CST] details the posted message on the innocent Alabama Law Firm's Homepage:

*SCAM ALERT*

*"It has come to my attention that someone is using the name of the Highland Law Firm as part of a scam to get people to pay money on a fictitious debt. Apparently, someone is contacting people all across the country threating to bring legal action against individuals if they do not tender payment on a debt. The call is alleging they work for the Highland Law Firm. THIS IS A SCAM, the Highland Law Firm does not represent clients in a debt collecting capacity and it is not our practice to collect money over the phone or threaten individuals with litigation for non-payment of debts. I am truly saddened that someone would use the name of our firm for illegal gain."*

## SECTION II:

## THE PLAINTIFF'S ALLEGED CONSUMER HARM

21. As mentioned above the Plaintiff was a party to debt collection litigation in (5) Debt Collection Lawsuits around the time that Defendant threated criminal charges against Plaintiff. The way service of Pleadings and papers in civil actions is effected in Louisiana generally (absent an approved motion to appoint a private server) is that an armed and uniformed Parish Deputy is tasked with serving those documents on parties to the action. After the Defendant's call the Plaintiff would get nervous, anxious, and paranoid on the over 6 occasions [following the calls] when a Caddo Parish Sherriff Deputy came to his home to serve him papers. On each of those occasions the Plaintiff would wonder if this

would be the occasion when the Caddo Parish Sheriff's Deputy was coming to effect a felony arrest [of the Plaintiff].

22. Autodialed Robocalls that play pre-recorded voice messages annoy the Plaintiff really bad. The Defendant's initial call upset, annoyed, and bothered the Plaintiff. The Chief Justice of the United States Supreme Court recently stated during Oral Arguments in *William P. Barr, et al. v. American Association of Political Consultants, et al.* [citation omitted] "It's an extremely popular law. Nobody wants to get robocalls on their cell phone." Justice Kavanaugh explicitly said as much also, telling the attorney representing the petitioners that "this is one of the more popular laws on the books because people don't like cell phone robocalls. That seems just common sense."

23. Threatening the Plaintiff [with criminal prosecution] also got the Plaintiff worried about the loss, or alternatively the prolonged interruption, of his hard sought VA benefits (both Financial and Medical); his ability to obtain a Louisiana Hunting License; his right to bear firearms and possibly having to relinquish his firearms (inclusive of his inherited Paternal Grandfather's 1967 Remington Model 1100 "unplugged" Shotgun); loss of his right to vote in the 2020 election, and more importantly the loss of his freedom and liberty.

## THE COUNTS:
## COUNT I:
### (Plaintiff v. Defendant)
### Violation of The Telephone Consumer Protection Act
### 47 U.S.C. § 227(b)

24. The Plaintiff incorporates all the foregoing paragraphs as though the same were set forth at length herein.

25. Defendant violated subsection b of the TCPA's autodialed call restrictions to a cellphone without the consent of the called party and absent an established business relationship and without a permissible purpose. See 47 U.S.C. § 227(b)(1)(A)(iii).

26. The Defendant's call played a pre-recorded voice message at the beginning of the call triggering the pre-recorded voice component of the statute cited herein. Although not binding on this Court the 5th U.S. Circuit found in *Ybarra v. Dish Network, L.L.C.*, No. 14-11316, (5th Cir. Oct. 20, 2015) "To be liable under the 'artificial or prerecorded voice' section of the TCPA, we conclude that a defendant must make a call and an artificial or prerecorded voice must actually play:… the TCPA makes it unlawful to make any call using an 'automatic telephone dialing system.' In contrast, it is not unlawful under the TCPA to make a call using an artificial or prerecorded voice system. Rather, what is precluded by the TCPA is making a call using 'an artificial or prerecorded voice."

27. Defendant is liable to Plaintiff for damages of $500 if the Court or trier of fact determines that the Defendant's conduct was committed negligently pursuant to 47 U.S.C. § 227(b)(3)(B).

28. Plaintiff alleges that the Defendant's conduct was carried out in a willful and knowing manner and seeks $1500 under this Count pursuant to the trebling provision of the statute pursuant to 47 U.S.C. § 227(b)(3)(C).

29. Plaintiff is entitled to and seeks permanent injunctive relief enjoining Defendant from future violations of this statute pursuant to 47 U.S.C. § 227(b)(3)(A).

## COUNT II:

### (Plaintiff v. Defendant)

### Violations of [the] Fair Debt Collection Practices Act

### 15 U.S. Code § 1692 *et. seq.*

30. The Plaintiff incorporates all the foregoing paragraphs as though the same were set forth at length herein.

31. The Statute of Limitations on the FDCPA is one year. The Plaintiff represents to the Court that the United States Supreme Court allowed for a narrow exception to the one year prescription [of] statute of limitations under the doctrine of equitable tolling in *Rotkiske v Klemm*, 2019 WL 6703563 (U.S. Dec. 10, 2019) holding that, "Absent the application of an equitable doctrine, § 1692k(d)'s statute of limitations begins to run when the alleged Fair Debt Collection Practices Act violation occurs, not when the violation is discovered." Here, Plaintiff has demonstrated that Defendant's conduct tolled [meaning halted the "clock"] on the statute of limitations deadline for seeking a remedy under the FDCPA.

32. Defendant's outbound call [to Plaintiff's cellphone] call violated several provisions of the Federal and State Laws regulating Debt Collection Practices as well as the Federal and State / Commonwealth guidelines affecting calls to consumer debtors cellphones' See *ARMATA v. TARGET CORPORATION*, 480 Mass. 14, 23, and 24 plus foot note 11 - Supreme Judicial Court of Massachusetts, Hampden holding "Moreover, the regulation is not concerned with the specific technology a creditor uses to contact a debtor; it seeks to limit how often a creditor attempts to reach a debtor's telephone and causes the debtor to incur fees. *See Attorney General's guidance, supra at 1*. Target's reading would create a loophole so large as to swallow the rule, such that nearly every creditor would be able to

evade the limits imposed by the regulation simply by changing its dialing technology. The potential for harassment stems in large part from the volume of initiated communications; it makes no difference what technology a creditor uses to dial the debtor's telephone or at what point a prerecorded message begins playing."

33. Regarding the details of both the Plaintiff's call made to the Defendant [when Plaintiff phoned back to the number appearing on Caller ID& the pre-recorded voice message call that preceded it] the Defendant did willfully & knowingly:

   a- Misrepresent their affiliation with a law firm [1692d(6) & 1692(e)(3)].
   b- Failed to inform Plaintiff that the debt was time-barred until after making attempts to get him to make recorded re-aging / validation statements [1692(e)(2)].
   c- Threaten to take civil action that they did not intend to take [1692(e)(5)].
   d- Threaten criminal charges or implied that failure to pay was criminal [1692(d)(1)], and or [1692(d)(2) & 1692(e)(4) & 1692(e)(5) & 1692(e)(7)].
   e- Fail to disclose the [true] identity of the debt collector [1692(d)(6) & 1692(e)(3)].
   f- Cause Plaintiff to incur charges in conjunction with a creditor communication (cost of call/s to and from his cellphone), or intended to harass or annoy because pre-recorded calls to a cellphone are generally known in society and in our Court system to be a nuisance [1692(d)(5)].

34. Defendant's conduct [and or that of their agent acting under the direct authority and supervision of the Defendant] intentionally, maliciously, and or willful and knowingly violated multiple provisions of the FDCPA and therefore [that] makes Defendant liable to Plaintiff for not less than $1,000 in damages, plus any punitive damages the Court or the trier of fact deems proper at [their] discretion pursuant to 15 U.S. Code § 1692(k).

## THE PRAYER FOR RELIEF:

~Jury Trial Demanded on All Issues So Triable Under the 7th Amendment to the U.S. Constitution~

**Wherefore,** Plaintiff seeks Judgment in Plaintiff's favor and Damages against Defendant in the form of the following requested relief:

Statutory Damages;

Actual Damages;

Stacked Damages;

Treble Damages;

Enhanced Civil Penalties under State / Commonwealth Law;

Punitive Damages;

Recovery of all fees (inclusive of attorney's fees if any) and costs associated with bringing and litigating the action;

Pre & or Post Judgment Interest on Judgment,

And such other and further relief the Court or trier of fact deems necessary, just, and proper.

Respectfully Submitted,

X _[signature]_  December 7, 2020
Clinton Strange                    Dated
Pro Se
7021 Winburn Drive
Greenwood, LA 71033
(318) 423-5057
StrangeC982@gmail.com