UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CLINTON STRANGE,      ) | |
| ) | |
| Plaintiff      ) | |
| ) | |
| v.      ) | No. 1:20-cv-00466-LEW |
| ) | |
| JUICE MAN,      ) | |
| ) | |
| Defendant      ) | |

### ORDER DENYING MOTIONS TO PROCEED IN FORMA PAUPERIS AND FOR EXPEDITED DISCOVERY AND RECOMMENDED DISMISSAL OF CASE ABSENT PAYMENT OF FILING FEE

*Pro se* plaintiff Clinton Strange has filed an application to proceed *in forma pauperis* (IFP) and a motion for limited expedited discovery in the instant case alleging violations of the Telephone Consumer Protection Act of 1991 (TCPA) and the Fair Debt Collection Practices Act of 1977. *See* Civil Action Complaint (ECF No. 1); Plaintiff's Motion for Limited Expedited Discovery Prior to a Rule 26(f) Conference ("Discovery Motion") (ECF No. 5); Application to Proceed in District Court without Prepaying Fees or Costs ("IFP Motion") (ECF No. 6); [Affidavit in Support of the Application] ("IFP Aff."), Exh. A (ECF No. 7) to IFP Motion. I conclude that the plaintiff is ineligible for IFP status and, accordingly, deny the IFP Motion, deny the Discovery Motion without prejudice to its reassertion, and direct that the plaintiff pay the filing fee of $402 no later than January 28, 2021, failing which I recommend that this case be dismissed without prejudice.

## I. Discussion

IFP status is available under 28 U.S.C. § 1915(a)(1) for persons who are "unable to pay" court filing fees or "give security therefor." 28 U.S.C. §1915(a)(1). The plaintiff has submitted a detailed affidavit that makes clear he does not qualify for IFP status as so defined. The plaintiff reports that, as of the date his IFP Motion was filed (December 14, 2020), he had a total of only $243.86 in cash or in checking or savings accounts. *See* IFP Motion at 2. However, he also discloses average monthly income in the past 12 months of $4,416.35, consisting of $3,216.35 in United States Department of Veterans Affairs (VA) disability payments and $1,200 in other income, and expected income in the next month (January 2021) of $3,816.35, consisting of a $3,216.35 VA disability payment and $600 in other income. *See* IFP Aff. ¶ 1.

The plaintiff, who has no dependents, *see* IFP Motion at 2, reports average monthly expenses in the past 12 months of $1,366.06 for housing, utilities, home maintenance, food, clothing, recreation, and insurance and $1,800 for TCPA litigation costs, totaling $3,166.06, *see* IFP Aff. ¶ 8.

As the United States District Court for the Southern District of Mississippi observed in denying an IFP application filed by the plaintiff:

> In order to grant an IFP application, the Court must examine the financial condition of the applicant in order to determine whether Plaintiff can afford the costs of proceeding without undue hardship or deprivation of the necessities of life. This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory.

*Strange v. Caesars Ent. Corp.*, CIVIL ACTION NO. 1:19-CV-288-HSO-JCG, 2019 WL 3604641, at *1 (S.D. Miss. May 17, 2019) (rec. dec., *aff'd* June 10, 2019) (citations and internal quotation marks omitted).

The plaintiff does not explain the nature of his litigation expenses; however, my research indicates that, with respect to at least some of his TCPA lawsuits, he has paid filing fees either at the outset of the litigation or following the denial of an IFP application.  *See, e.g.*, ECF Docket, *Strange v. U.S. Autocare*, No. 5:20-cv-01613-EEF-MLH (W.D. La.) (notation that filing fee paid on December 18, 2020, following filing of complaint on December 10, 2020); Clerk[']s Notice of Receipt of Filing Fee (ECF No. 3), *Strange v. Nescio*, No. 9:20-cv-80947-DMM (S.D. Fla. June 15, 2020) (filing fee paid at outset); ECF Docket, *Strange v. Matherne Holdings, Inc.*, No. 1:18-cv-01085-RGA (D. Del.) (notation that filing fee paid on August 7, 2018, following denial of IFP status on July 26, 2018).

The plaintiff's litigation expenses properly are categorized as discretionary expenditures, absent which his average monthly income in 2020 exceeded his average monthly expenses by $3,050.29, and his average monthly income from his disability payments alone exceeded his average monthly expenses by $1,850.29, plainly reflecting an ability to pay the required filing fee. Indeed, even taking into account all reported income and expenses, including litigation costs, the plaintiff's average monthly income for the past 12 months exceeded his average monthly expenses by $1,250.29, and his expected income of $3,816.35 in January 2021 exceeds his expected expenses by $650.29.[1]

The plaintiff, therefore, fails to demonstrate an inability to pay the court's $402 filing fee without undue hardship or deprivation of the necessities of life.

---

[1] The court in *Caesars Entertainment* also took into account the U.S. Federal Poverty Guidelines, pursuant to which, in 2019, the poverty level for a one-person household was $12,490. *See Caesars Entertainment*, 2019 WL 3604641, at *1. The poverty level for a one-person household increased to $12,760 in 2020, *see* Annual Update of the HHS Poverty Guidelines, 85 Fed. Reg. 3060 (Jan. 17, 2020), approximately one-third of the plaintiff's total reported 2020 VA disability income of $38,596.20 and less than a quarter of his total reported 2020 income of $52,996.20.  I do not rely primarily on the guidelines, which are not tailored to the circumstances of individuals; however, they buttress my finding that IFP status should be denied in this case.

## II.  Conclusion

For the foregoing reasons, the IFP Motion is **DENIED**, the Discovery Motion is **DENIED** without prejudice to its renewal, and the plaintiff is **DIRECTED** to pay this court's $402 filing fee no later than January 28, 2021, failing which I recommend that this suit be **DISMISSED** without prejudice.

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.   A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 7th day of January, 2021.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge